authorities are practically unanimous in so holding. *Conrad* v. *Long,* 33 Mich. 78; *Hawke* v. *Euyart,* 30 Neb. 149 [27 Am. St. Rep. 391]; *Cooper* v. *Carson,* 3 Johns. Ch. (N. Y.) 521; *Cooper* v. *Remsen,* 5 Johns. Ch. (N. Y.) 459; 2 Jarman, Wills 524; 29 Am. & Eng. Enc. Law (1 ed.) 445.

We, therefore, hold that the provision in item four of the will making the legacy to Basil W. Viers dependent upon his separation from his wife is void and he takes the legacy absolutely.

**Norris** and **Pollock, JJ.,** concur.

---

## EMINENT DOMAIN—RAILWAYS.

[Hamilton (1st) Circuit Court, May 25, 1912.]

Smith, Swing and Jones, JJ.

*LOUISVILLE & NASHVILLE RY. v. CINCINNATI (CITY) ET AL.

**1. Judicial Determination of Municipal Absence of Power to Convey Easement Across Public Landing Held Inability to Agree.**

Inability of a municipality and railway company to agree upon compensation for an easement across a public landing, sought to be condémned by the latter by virtue of R. S. 3283a (Gen. Code 8768), must be held to exist as a matter of law, since it has been judicially determined that the municipality has no power to convey the easement without condemnation or the legislature to authorize such conveyance.

**2. Necessity of Appropriation of Easement Across Public Landing Solely in Discretion of Corporation Directors.**

The necessity for an appropriation of an easement for an elevated railroad structure across a public landing is a question solely for the board of directors of the company seeking to make the appropriation, and no other judgment than that of the directors exists or can be substituted.

ERROR to Hamilton common pleas.

*Kinkead & Rogers* and *J. B. Foraker,* for plaintiff in error.

---

*Reversing, Louisville & N. Ry. v. Cincinnati, 56 Bull. 317 (10 N. P. N. S. 649), and Louisville & Nashville Ry. v. Cincinnati, 22 Dec. 363 (12 N. S. 65).

Railway v. Cincinnati.

*Albert Bettinger, Walter Schmitt, Alfred Bettman* and *Hosea & Knight,* for defendant in error:

**SMITH, P. J.**

It would seem that the right of the plaintiff in error to ap-. propriate an easement over the property described in its application for railroad purposes is determined by the case of *Cincinnati* v. *Railway,* 17 O. F. D. 000.

Speaking of R. S. 3283*a* (Gen. Code 8768), the court says:

" A public 'exigency' exists for the 'common preservation,' when the legislature declares that for a *bona fide* public purpose there should be a right of way for a common carrier across a particular piece of property. The uses to which R. S. 3283*a* authorizes a condemnation of a right of way are undeniably public, and not private, uses. When that is the case, 'the propriety or expediency of the appropriation can not be called in question by any other authority.' *United States* v. *Jones,* 109 U. S. 519.' "

Upon the record of the case as presented to this court, the question for determination seems to us to be, has the plaintiff complied with the provisions of the law relating to the condemnation of private land, and does the evidence so disclose?

If it has, then plaintiff in error is entitled to proceed with this appropriation proceeding. If it has not, then such proceeding can not be maintained. An examination of the record, we think, shows that plaintiff in error has complied with all the conditions establishing its right to maintain this suit for the condemnation of an easement across the public landing or wharf of the city.

Under the ruling in *Louisville & N. Ry.* v. *Cincinnati,* 76 Ohio St. 481 [81 N. E. Rep. 983], the inability to agree with the city upon the compensation to be paid the owner by the company 'seeking the easement, without condemnation, has already been determined, as in that case the Supreme Court held that the municipality was without power to convey any such

Hamilton County.

easement, and the legislature was without authority to authorize such conveyance, therefore the inability to agree exists as a matter of law. The ordinance does not embrace more than one subject but relates in its entirety to acquiring an easement across the public landing or wharf.

So far as the terms and conditions upon which the company might occupy the easement sought to be appropriated is concerned, these are sufficiently provided for and set out in the ordinance and the plans and specifications for the building of the viaduct.

The necessity for the appropriation was established by the action of the board of directors of plaintiff in error company by the resolution of such board passed September 17, 1908.

This is in conformity with the language of the statute which leaves the question of necessity solely to "the judgment of the board of directors." It would seem that no other "judgment," or power to determine the necessity for the appropriation can exist or be substituted.

As plaintiff in error has fully established its right to proceed, it is the conclusion of the court that the judgment below be reversed and the cause remanded for further proceedings according to law.

Swing and Jones, JJ., concur.